40911.   LANCASTER et al. v. CASEY.

DECIDED SEPTEMBER 21, 1964.

*Gary E. Gowen,* for plaintiff in error.

*Harrison & Henry, Robert W. Harrison, Jr., Q. Robert Henry,* contra.

EBERHARDT, Judge. Defendant's attack on the subject matter jurisdiction of the superior court in this case is made under 28 USCA § 1333, which provides in part: "The District Courts shall have original jurisdiction, exclusive of the Courts of the States, of: (1) Any civil case of Admiralty or Maritime jurisdiction, saving to suitors in all cases all other remedies to which they are entitled." Plaintiff relies on the "saving to suitors" clause to sustain State court jurisdiction.

We view the proposition as settled by *Walter v. Kierstead,* 74 Ga. 18. At the time of this 1884 decision, the "saving to suitors" clause was "saving to suitors, in all cases, the right of a common law remedy." That provision was substantially the same as the present one, only narrower in its implications. *Walter* involved an attachment case arising out of damage to plaintiff's dredge allegedly caused by defendant's barque. The jurisdictional attack was the same as that advanced here. The court held at page 24 that "The intention of the statute was to confer exclusive admiralty and maritime jurisdiction upon the [Federal] district courts, at the same time leaving to the suitor his option of seeking redress at common law."

*In personam* suits, as distinguished from the *in rem* suits common to admiralty, clearly fall within the "other remedies" mentioned in the statute. See 59 ALR 504.

The jurisdiction of the subject matter is concurrent and the

forum is to be selected at the option of the plaintiff. The plea to the jurisdiction was improperly sustained.

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*